# THIRD DEPARTMENT.

## GENERAL TERM, DECEMBER, 1873.

FOOTE, plaintiff in error, v. PEOPLE.

*Excise law — selling without license — penalty.*

Upon a conviction under an indictment for selling intoxicating liquor without license, in violation of Laws 1857, chap. 628, § 13, the judgment must be for the amount of fine and the time of imprisonment prescribed by § 29 of the same act, and the court has no discretion.

The penalty provided by § 13 for selling without license is merely that recoverable in a civil suit, and the party violating that section is also amenable to the criminal penalties for offenses in violation of the act provided in § 29

WRIT OF ERROR to the Delaware county sessions. The defendant was indicted for selling intoxicating liquor without license. He was tried at the June sessions, 1873, found guilty and sentenced to be imprisoned in the county jail for ninety days, and pay a fine of $100. The other facts will sufficiently appear in the opinion.

*G. W. Clark,* for plaintiff in error.

*F. Jacobs,* district attorney, for people.

P. POTTER, J. Before the trial a motion was made to postpone it to obtain a witness, which, I think, was discreetly denied. Also, a motion was made upon affidavits to quash the indictment upon the ground of irregularity and misconduct on the part of one of the grand jurors who found the indictment. This was met by opposing affidavits, denying the improprieties charged, and the denial of this motion, I think, cannot be justly challenged. A like motion was made at the close of the evidence, based upon the evidence and also upon the affidavit previously read, which was properly denied.

Foote v. People.

Also a motion in arrest of judgment, upon the same grounds, which was denied.

The main ground upon which the writ of error depends is that the court held that the amount of punishment adjudged was an imperative direction of the statute, and that the court had no discretion to reduce it. This, then, leaves the case upon the single question of the construction of the 29th section of the statute of 1857, chap. 628, entitled "An act to suppress intemperance and to regulate the sale of intoxicating liquors."

The act of 1857 is a prohibitory act in more than one sense. It forbids certain acts under certain penalties, to be sued for in the civil courts, and it also denominates or declares certain acts, and some of the same acts, to be misdemeanors, and provides the punishment to be inflicted therefor in the criminal courts. It is one of the peculiarities of this statute that it declares *particular offenses* to be misdemeanors, and prescribes limited punishment therefor, and afterward, by the 29th section thereof, declares *all offenses* against the provisions of the act to be misdemeanors, and seems to provide a more extended punishment for all offenses against the provisions of the act. This has given rise to doubts as to the proper construction to be given to certain sections of the act.

The case at bar, however, seems to call for construction of only 13th and 29th sections. We need not go further. The defendant in the indictment was a tavern or hotel keeper, but had not taken out license to sell strong or spirituous liquors or wines in quantities less than five gallons, and under §§ 13 and 22 was liable to a civil action in the name of the commissioners of excise, to recover a penalty of fifty dollars; and the act of selling in violation of this section was called an offense. By § 29 it was declared as follows: "It shall be the duty of courts to instruct grand jurors to inquire into all offenses against the provisions of this act and to present all offenders under this act; and also all persons who may be charged with adulterating imported or other intoxicating liquors with poisonous or other deleterious drugs or mixtures, or with selling the same; or with knowingly importing or selling intoxicating liquors or wines adulterated with poisonous or deleterious drugs or mixtures; which offenses are hereby declared to be misdemeanors, to be punished by imprisonment in the penitentiary, work-house or jail, for a period of three months, and by a fine of one hundred dollars."

By the plain reading and letter of this section *all offenses* against

the provisions of this statute are declared to be *misdemeanors*. This must include the charge set forth in the indictment. That it would also have been indictable, without declaring it a misdemeanor, seems to have been settled by judicial construction. See *Behan* v. *People,* 17 N. Y. 520; 2 R. S. 702, § 32; 3 id. 990 (3d ed.), § 43. It was an offense, because prohibited by statute.

It is unnecessary for us to discuss the question here as to the construction which should be given in the case of a conviction had under some other section of the same act, as, for instance, under the 20th section, which prescribes a less amount of punishment than section 29 for the violation of the particular offense therein declared to be a misdemeanor. That is also one of the offenses included in the words " all offenses" against the provisions of the same act, and would be included in the language " *all offenses,*" of the 29th section.

Whether an indictment for the offense specified in section 20, for which a specific punishment is prescribed, could be punished to the extent of punishment mentioned in section 29 for *all offenses* against that act, is not before us to be decided. It is sufficient for this case that the offense named in the 13th section, upon which the indictment was found, specifically prescribes no criminal punishment, and can only be reached criminally by section 29. I therefore find no difficulty in holding that the punishment provided by the 29th section applies to this case, and that no discretion is conferred upon the court to change the positive requirement of the statute in that respect. *People* v. *Gilkinson*, 4 Parker Cr. 26, 31, 32, per EMOTT, J. See, also, 6 Parker, 669, a general term decision.

The penalty provided by the 13th section of this statute cannot be held to be all the punishment intended by the legislature. That penalty is merely the extent of the claim in the civil action. The language of the 29th section providing the punishment would, if not applicable to this case, be without meaning or application. This is never to be presumed in the construction of a statute.

I think this offense would have been indictable at common law, even if no penalty had been annexed to section 13. Dwarris lays down the rule " that when a statute commands or prohibits a thing of public concern, the person guilty of the disobedience to the statute, besides being amenable in an action to the party injured, is likewise liable to be indicted for the disobedience. Amer. ed. 161; *Rex* v. *Davis*, Sayers, 163.

If we follow what seems to be a settled authority in the construc-

tion of the statute in question, we do not see a reason for reversing the judgment. The result is, the writ of error must be dismissed, a new trial denied, and the judgment must be executed.

*Judgment and conviction affirmed.*

MILLER, P. J., and PARKER, J., concurred.